JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

NICOLE M. KIM (NYBN 4435806)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California
    Telephone:  (415) 436-6401
    Facsimile: (415) 436-6982
    E-Mail:  nicole.kim@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-0083 PJH |
|     Plaintiff, ) | |
| v. ) | [~~PROPOSED~~] ORDER OF DETENTION |
| RICHARD ALDO PARODI, ) | |
|     Defendant. ) | |

## I.  INTRODUCTION

A detention hearing in the above-captioned case for defendant Richard Aldo Parodi was conducted on March 7, 2008. The Court has carefully considered the proffers of the government and the defendant's counsel and the pre-trial services report. The Court finds by a preponderance of the evidence that the defendant poses a risk of flight. The Court finds, for the reasons set forth below, that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

Detention Memorandum                    1

## II. FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142

### 1. Charges and Rebuttable Presumption

On February 19, 2008, the Grand Jury for the Northern District of California returned an indictment charging defendant Richard Aldo Parodi ("Parodi") and thirteen other individuals with conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 846. The indictment also charges Parodi with one substantive count of distribution of methamphetamine in violation of Title 21 U.S.C. § 841(a)(1). The conspiracy count carries a mandatory minimum sentence of ten years in prison. The substantive count carries a mandatory minimum sentence of five years to life in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. See 18 U.S.C. §3142(e).

### 2. Defendant's Criminal History

According to proffers by the Government, on March 20, 2007, during a traffic stop of Parodi by the San Francisco Police Department, Parodi fled and engaged in a high-speed chase with the police. The Government also proffered that Parodi did not turn himself into the police after this incident. In addition, according to the proffer made by the Government, on that same day, Parodi was intercepted pursuant to court-authorized electronic surveillance engaging in a drug transaction involving the sale of approximately ½ pound of methamphetamine with another indicted co-conspirator in this case.

The pretrial services report also reflects that Parodi has a history of using false identification, including providing different dates of birth and social security numbers in connection with his various prior arrests. Thus, Parodi's past conduct demonstrates that he is a serious flight risk if released on bail in this case.

### 3. Defendant's Employment and Characteristics

The defendant has been unemployed off and on for the past 16 years. The pretrial services report reflects no consistent history of employment. In addition, Parodi is an admitted narcotics user and currently has an immigration hold against him.

**III.    LEGAL AUTHORITY TO DETAIN THE DEFENDANTS**

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more.  18 U.S.C. §3142 (e).  Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted.  United States v. Cook, 880 F. 2d 1158, 1162 (10th Cir. 1989).  However, the presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. Id.

The potential sentences in this case far exceed those sufficient to trigger a presumption and place an enormous incentive on the defendant to flee.  In the matter before this Court, the defendant faces a maximum sentence of life in prison, and a minimum mandatory term of imprisonment of ten and five years (for the conspiracy and substance counts, respectively).  In addition, because of his one prior drug felony conviction, Parodi faces a possible mandatory minimum of twenty years in prison.  As for the rebuttable presumption of danger, 18 U.S.C. § 3142(f)(1), identifies those types of crimes in which "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). See United States v. Salerno, 481 U.S. 739, 750 (1987) ("The act operates only on individuals who have been arrested for a specific category of extremely serious offenses.... Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest.") (citation omitted); S.Rep. No. 98-225, p. 6-7 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3189; United States v. Koon, 6 F.3d 561, 566 (9th Cir. 1993) (justifying the presumption of dangerousness in 18 U.S.C. § 3142(f)(1) because "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons").

1    The judicial officer may detain a defendant if the Government proves by a preponderance of the evidence that the defendant poses a risk of flight. <u>United States v. Motamedi</u>, 767 F. 2d 1403, 1407 (9th Cir. 1985), <u>United States v. Gebro</u>, 948 F. 2d 1118, 1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." <u>United States v. Townsend</u>, 897 F. 2d 989, 993-94 (9th Cir. 1990). In assessing flight, a court may consider that defendant having no visible means of support, no property, who is well known to narcotics officers for some period of time and has ample funds to provide him with a means of absconding is a poor flight risk and a case in which bail is properly denied. Further, in cases with large sums of cash available to the defendant the court may draw the conclusion that the defendant has the means to abscond. A defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight.

    The judicial officer may also detain a defendant where the Government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. <u>United States v. Salerno</u>, 481 U.S. 739 (1987).

    In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. <u>United States v. Reynolds</u>, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. See, <u>United States v. Karmann</u>, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

    Ultimately, the Government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. <u>United States v. Gebro</u>, 948 F. 2d 1118, 1120 (9th Cir. 1991); <u>United States v. Motamedi</u>, 767 F. 23d 1403, 1405 (9th Cir.

1985).

IV. **CONCLUSION**

In short, Defendant Parodi's fleeing the police and engaging in a high-speed chase with the police, his history of using false identification, the present immigration hold on the defendant, and the defendant's sporadic employment history and his admitted drug use are ~~overwhelming~~ dispositive - JCS.  The Court finds that no conditions or combination of condition it could fashion would assure the defendant's appearance for trial if he was released and, therefore, the Court ORDERS that the defendant be detained.

March 7, 2008



HON. JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE